IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROMEIRO MASED WILLIAMS,<br><br>Defendant. | CR-21-72-GF-BMM<br><br>ORDER |

Defendant Romeiro Mased Williams ("Williams") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 137.) The Court appointed counsel to assist Williams in this matter on June 20, 2023. (Doc. 139.) Williams has provided documentation showing that, over thirty days ago, he filed a request with the warden of his facility. (Doc. 141); (Doc. 141-2.) This filing satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). The Court now will grant Williams's Motion for Compassionate Release.

The Court may, after considering the sentencing factors in 18 U.S.C. § 3553(a), reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). A defendant's medical condition, including a "serious and advanced illness with an

end of life trajectory," may constitute an "extraordinary and compelling reason" justifying release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A); *see also* U.S.S.G. § 1B1.13(1)(A). The defendant need not have a terminal illness, however: a "serious physical or medical condition," "serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process" may constitute an "extraordinary and compelling reason" for release. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). The guideline also requires evidence that the defendant's condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and is something "from which he or she is not expected to recover." *See id.*

Williams seeks release because of his vascular injuries. Williams sustained these injuries—to his hand, legs, and stomach—when he was shot in a drive-by shooting in April, 2021. (Doc. 140 at 3.) Williams suffers from swelling and acute pain in his legs which severely limits his ability to walk. (*Id.*) Williams claims that his doctor informed him that Williams could be at risk for forming a blood clot. (*Id.*) These representations to the Court suggest that Williams suffers from serious medical conditions that diminish his ability to provide self-care in a carceral setting. U.S.S.G. § 1B1.13 cmt. n.1(A). The Government contends that the sentencing factors weigh against granting Williams's release. (Doc. 141 at 12-14.)

The Court acknowledges the seriousness of Williams's offense. Law

enforcement executed a search of a residence which yielded a large amount of fentanyl, 24 to 32 grams of which were attributable to Williams. (Doc. 123.) Williams's criminal history also includes felony convictions, including a firearms charge. (*Id.*) Williams's injuries and the conditions imposed by his three-year term of supervised release nevertheless satisfy the Court that Williams does not pose a danger to public. *See* U.S.S.G. § 1B1.13(2); s*ee also United States v. Perez Alvarado*, 2020 WL 5203386 (S.D. Cal. Sept. 1, 2020); The Court also determines that the time Williams already has served, when coupled with his injuries, satisfies the sentencing goals of just punishment, deterrence, and promoting respect for the law. *See id;* 18 U.S.C. 3353(a); *United States v. Karr*, 2020 WL 774363 (E.D. Ky. Feb. 18, 2020). Finally, Williams has demonstrated that seeking treatment within the community upon release represents Williams's best opportunity to access medical care in an effective manner. *See* 18 U.S.C. § 335(a)(2)(D). The sentencing factors weigh in favor of modifying Williams's sentence for these reasons.

Williams has demonstrated extraordinary and compelling reasons to reduce his sentence to time served with three years of supervised release to follow his release. The approximately six months he has served, evaluated along with his severe vascular injuries, satisfy the federal sentencing goals described in 18 U.S.C. § 3553(a). Williams is entitled to release.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

1. Williams's Motion (Doc. 137) is GRANTED.

2. As of the date of this Order, Williams's previously imposed sentence of imprisonment is REDUCED to time served with three years of supervised release to follow his release.

3. This Order is STAYED for up to thirty days to allow the United States Probation Office time to verify Williams's residence and/or establish a release plan, with preference for placement in a pre-release center or home confinement; to make appropriate travel arrangements; and to ensure Williams's release. Williams shall be released as soon as a residence is verified, a release plan is established, and appropriate travel arrangements are made. There shall be no delay in ensuring travel arrangements are made. If more than thirty days are needed to make appropriate travel arrangements and ensure Williams's release meets these requirements, the parties shall immediately notify the Court and show cause why the stay should be extended.

4. The United States Probation Office and the parties shall propose modified conditions of supervised release for the Court's review.

5. Williams must provide the Court with the complete address where he will reside upon release.

Dated this 1st day of September, 2023.

_____
Brian Morris, Chief District Judge
United States District Court